## INTERCOAST SALES CORP v ISAAC

Ohio Appeals, 6th Dist, Lucas Co

No 2986.   Decided Dec 17, 1934

Tracy, Chapman & Welles, Toledo, and Harry S. Bugbee, Toledo, for plaintiff in error.

J. I. O'Connor, Toledo, for defendant in error.

KLINGER, J, (3rd Dist)
sitting in place of RICHARDS, J.

## OPINION

By OVERMYER, J.

The defendant in error, Thomas A. Isaac, as plaintiff, commenced an action in the Court of Common Pleas against the Intercoast Sales Corporation, as defendant, to recover damages for the non-delivery of 200 shares of stock of the Trans-America Corporation, the Intercoast Sales Corporation being engaged in the business of stock broker in that stock. The issues involved were submitted to a jury and a verdict in the sum of $6110.50 was returned in favor of Isaac. A motion for new trial being overruled, judgment was entered upon this verdict.

The sales corporation seeks to reverse this judgment in this court, and for a reversal thereof relies chiefly upon the following errors:

1. That the verdict is against the weight of the evidence.

2. That there is error in the general charge.

It is also complained that the court inadequately instructed the jury as to the issues involved, as made by the pleadings. This court has read the entire record and examined all the exhibits, and is clearly convinced that an examination thereof discloses that the verdict and judgment are manifestly against the weight of the evidence.

In stating the issues to the jury, the trial judge merely read the pleadings. Our Supreme Court has said that a mere reading of the pleadings in a case is, generally speaking, not a sufficient statement to the jury of the issues involved, and we think that statement is particularly applicable to this case in that the average jury would not understand what the case was about, merely reading from the pleadings. Of course, that is the easiest way but it is not the way which the law contemplates, and we think upon retrial the court should more explicitly state to the jury what the case is about, it being clearly one for damages for breach of contract for the non-delivery of certain shares of stock of the Trans-America Corporation which defendant in error claims were sold to him by the Intercoast Sales Corporation through its agent, a Mr. Gray.

The complaint as to the general charge is that the trial court erroneously instructed the jury as to the measure of damages if the jury should find in favor of Isaac. Since the action is one for damages for breach of contract to deliver the stock in question, we think the true rule in this case would be that if the jury should find under the law and the evidence that Isaac was entitled to a verdict in his favor, then he would be entitled to recover the reasonable market value of the stock in question at the time when, from the evidence, the jury found that the stock was to be delivered to him; that is, when the cause of action accrued.

Fosdick v Greene, 27 Oh St, 484;

Weiser v Julien, 15 Oh Ap, 171.

The instruction, therefore, given by the trial court on this subject was prejudicial to plaintiff in error.

For the reasons given, it is obvious that the judgment of the Court of Common Pleas must be reversed and the cause remanded to that court for a new trial.

Reversed and remanded.

LLOYD and KLINGER, JJ, concur.